RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5543-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

WILFREDO RODRIGUEZ,

 Defendant-Appellant.

____________________________________

 Submitted August 1, 2017 – Decided November 28, 2017

 Before Judges Sabatino and O'Connor.

 On appeal from Superior Court of New Jersey,
 Law Division, Hudson County, Indictment No.
 11-03-0406.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Monique Moyse, Designated
 Counsel, on the brief).

 Esther Suarez, Hudson County Prosecutor,
 attorney for respondent (Kerry J. Salkin,
 Assistant Prosecutor, on the brief).

 Appellant filed a pro se supplemental brief.

PER CURIAM
 Defendant Wilfredo Rodriguez appeals from the denial of his

petition for post-conviction relief (PCR) without an evidentiary

hearing. For the reasons that follow, we affirm.

 In 2011, defendant pled guilty to first-degree aggravated

sexual assault, N.J.S.A. 2C:14-2(a)(1); second-degree sexual

assault, N.J.S.A. 2C:14-2(b); and two counts of fourth-degree

cruelty and neglect of children, N.J.S.A. 9:6-3. During the

plea colloquy, defendant admitted he (1) inserted his fingers

and penis into his cousin's vagina, who at the time of the

incident was less than thirteen-years of age; (2) touched the

vagina of an eleven-year old; and (3) although he and the two

victims were fully clothed, rubbed his groin against the

buttocks of two boys, ages six and seven.

 Defendant was sentenced to a fifteen-year term of

imprisonment at the Adult Diagnostic and Treatment Center on the

conviction for first-degree aggravated sexual assault, subject

to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2; a seven-

year term of imprisonment on the conviction for second-degree

sexual assault, also subject to NERA; and an eighteen-month term

of imprisonment for the two counts of cruelty and neglect of

children. All sentences were ordered to run concurrently.

Defendant did not file a direct appeal from his convictions and

sentence.
 2
 A-5543-15T2
 In 2015, defendant filed a petition for post-conviction

relief; assigned counsel subsequently filed a brief on

defendant's behalf. The contention defendant asserted before

the PCR court relevant to the issues on appeal was plea counsel

informed him the State had DNA evidence directly linking him to

the criminal acts with which he was charged. In fact, the State

did not have such evidence.

 Defendant argued had his attorney accurately represented

the State did not have any incriminating DNA evidence, he would

not have pled guilty and instead would have proceeded to trial.

Defendant further argued counsel failed to review discovery with

defendant, but a close reading of his argument is plea counsel

did not advise defendant the State did not possess inculpatory

DNA evidence.

 The PCR court rejected defendant's argument and denied his

petition for post-conviction relief. The court found even if

plea counsel informed defendant the State possessed

incriminating DNA evidence, it is implausible defendant credited

such representation. The court reasoned defendant was aware any

DNA evidence that existed would not have survived the passage of

time between the commission of each criminal act and the time

each act was reported to the police. Thus, the court

determined, it was improbable defendant in fact relied upon the
 3
 A-5543-15T2
attorney's misrepresentation the State possessed DNA evidence

when defendant decided to plead guilty. The PCR court further

concluded that, in light of the charges, the number of victims,

and what court deemed a favorable plea offer, defendant would

not have spurned such offer and have risked going to trial.

 On June 27, 2016, the PCR court entered an order denying

defendant's petition for post-conviction relief.

 On appeal, defendant presents the following argument for

our consideration.

 POINT I – MR. RODRIGUEZ IS ENTITLED TO AN
 EVIDENTIARY HEARING ON HIS CLAIM THAT HIS
 ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF
 COUNSEL.

The brief clarifies defendant challenges those determinations

made by the PCR court that are addressed above.

 As a self-represented litigant, defendant filed a brief in

reply to the State's brief, in which he asserts the following

arguments:

 POINT I – PETITIONER PRESENTED A PRIMA
 FACIE CLAIM TO SUPPORT HIS REQUEST FOR
 POST-CONVICTION RELIEF AND THEREFORE IS
 ENTITLED TO AN EVIDENTIARY HEARING.

 POINT II – THE EVIDENCE IN THE CASE FAILS
 TO SUPPORT THE CHARGES.

In his brief, defendant argues he did not know the DNA evidence

would have diminished or dissipated over time, and that the

 4
 A-5543-15T2
factual basis for his plea to first-degree aggravated sexual

assault was deficient.

 The standard for determining whether counsel's performance

was ineffective for purposes of the Sixth Amendment was

formulated in Strickland v. Washington, 466 U.S. 668, l04 S. Ct.

2052, 80 L. Ed. 2d 674 (1984), and adopted by our Supreme Court

in State v. Fritz, l05 N.J. 42 (l987). In order to prevail on a

claim of ineffective assistance of counsel, defendant must meet

a two-prong test. The first prong is counsel's performance was

deficient and he or she made errors so egregious counsel was not

functioning effectively as guaranteed by the Sixth Amendment to

the United States Constitution. Strickland, supra, 466 U.S. at

687, 694, l04 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698.

 The second prong is the defect in performance prejudiced

defendant's rights to a fair trial and there exists a

"reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."

Ibid. If a defendant has pled guilty, the second prong a

defendant must fulfill is "'there is a reasonable probability

that, but for counsel's errors, [the defendant] would not have

pled guilty but would have insisted on going to trial.'" State

v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (quoting State v.

DiFrisco, 137 N.J. 434, 457 (1994)).
 5
 A-5543-15T2
 Here, we cannot find support in the record defendant was

aware the State was not in possession of DNA evidence that

linked him to the subject criminal acts. We also question,

without deciding, the trial court's assumption defendant, a lay

person, would have known any DNA evidence in this matter would

have been destroyed by the time he was charged. However, we

concur with the court defendant failed to present any evidence

that, but for plea counsel's alleged errors, there was a

reasonable probability defendant would not have pled guilty and

instead have insisted on going to trial. See ibid.

 There were four victims and four different crimes, making

this matter eligible for four consecutive sentences pursuant to

State v. Yarbough, 100 N.J. 627, 643-44 (1985). However, under

the plea agreement, the State agreed to recommend the sentences

on the four convictions run concurrently, and that the aggregate

sentence be limited to fifteen years. We agree with the PCR

court defendant secured a favorable plea agreement.

 In our view, defendant failed to show it was probable that

had he known the State did not possess damaging DNA evidence, he

would have rejected the plea offer and have gone to trial,

risking the imposition of a far greater term of imprisonment if

he did not prevail. Accordingly, defendant did not make a prima

 6
 A-5543-15T2
facie showing of ineffectiveness of plea counsel sufficient to

satisfy the Strickland-Fritz standard.

 We have considered the argument the factual basis to

defendant's plea to first-degree aggravated sexual assault was

insufficient. This argument was raised for the first time in a

reply brief; it is improper for a party to use a reply brief to

advance an issue for the first time. See L.J. Zucca, Inc. v.

Allen Bros. Wholesale Distribs. Inc., 434 N.J. Super. 60, 87

(App. Div.), certif. denied, 218 N.J. 273 (2014). In addition,

this argument was not raised before the PCR court. "Generally,

an appellate court will not consider issues, even constitutional

ones, which were not raised below." State v. Galicia, 210 N.J.

364, 383 (2012). Even if this issue had been raised, the PCR

court did not address this question in its opinion and, thus, we

decline to do so in the first instance. Duddy v. Gov't Emps.

Ins. Co., 421 N.J. Super. 214, 221 (App. Div. 2011).

 Affirmed.

 7
 A-5543-15T2